11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| INSURANCE COMPANY OF<br>THE WEST, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION B-02-193 |
| | § | *In Admiralty* |
| ESTATE OF LAZARO PONCE | § | |
| DE LEON GOMEZ, by and through | § | |
| its Temporary Administrator, | § | *Honorable Judge Andrew S. Hanen* |
| Luis Omar Ponce de Leon, | § | |
| | § | |
| Defendant. | § | |

---

## FIRST AMENDED COUNTERCLAIM

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant and Counter-Plaintiff, **Estate of Lazaro Ponce de Leon Gomez, by and through its Administrator, Luis Omar Ponce de Leon**, files this First Amended Counterclaim complaining of **Insurance Company of the West**.

1.       On or about November 15, 2000, Insurance Company of the West, through Pacific Underwriting Professionals, issued Policy No. OMP1843083-00 insuring a 1967 Betram Yacht identified as a sixty-three (63') foot wood cruiser vessel named "Sea Scape", bearing Hull Identification Number NT 3090N0332512AL3791, for hull and machinery loss in the face amount of Two Hundred Eighty-five Thousand and no/100ths ($285,000.00) Dollars with a deductible of Eight Thousand

Five Hundred Fifty and no/100ths ($8,550.00) Dollars and a premium of Five Thousand Four Hundred and no/100ths ($5,400.00) Dollars.

2.    The face amount of hull and machinery insurance was based on a marine survey conducted on October 20, 2000 by Global Marine Surveyors in Port Isabel, Texas which resulted in a finding of an estimated market value of Two Hundred Eighty-five Thousand and no/100ths ($285,000.00) Dollars and an estimated replacement cost of One Million Seven Hundred Thousand and no/100ths ($1,700,000.00) Dollars.

3.    On March 1, 2001, the M/V "Sea Scape" sank at 18° 44' 94" North Latitude, 87° 32' 49" West Longitude at a depth of approximately 500 to 600 meters.

4.    On or about March 2, 2001, a Property Loss Notice was completed and provided to Paul Lynch & Associates, the agent for Lazaro Ponce de Leon who had procured the policy of insurance.  The location of loss was set out in that notice.

5.    Insurance Company of the West has failed and refused to comply with its contractual obligation set out in the policy of insurance issued to Lazaro Ponce de Leon.

6.    Insurance Company of the West has not indicated, either expressly or by its conduct, any specific suspicion it has or provided Counter-Plaintiff with any other reason for denying coverage of Counter-Plaintiff's claim.

7.    Counter-Plaintiff is a "consumer" as defined in the Texas Deceptive Trade Practice - Consumer Protection Act.  Lazaro Ponce de Leon purchased an insurance policy from Insurance Company of the West on which his claim was based.

8.    More than sixty (60) days before filing this action, on October 2, 2002, Counter-Plaintiff delivered to Insurance Company of the West a demand letter detailing its claim for damages.  The demand included the amount of the claim, together with a demand for attorney fees and expenses to the date of the letter.

9.    Insurance Company of the West failed to tender payment or present an adequate offer within the sixty-day period.

10.    All conditions precedent to Counter-Plaintiff's recovery under the policy had occurred or been performed.

11.    Insurance Company of the West used or employed an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, in that:

a.    It failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim when its liability had become reasonably clear;

b.    It failed to provide to Counter-Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its denial of the claim of its failure to offer a compromise settlement of the claim; and

c.    It failed within a reasonable time to either affirm or deny coverage of the claim to Counter-Plaintiff.

12.    As a result of the conduct of Insurance Company of the West, Counter-Plaintiff has been injured in that it has not recovered compensation for the loss of the ship for distribution to the lawful heirs of Lazaro Ponce de Leon, to its damage in an amount in excess of Fifty Thousand and no/100ths ($50,000.00) Dollars.

13.    Insurance Company of the West acted intentionally in committing the acts complained of in this petition in that it was fully aware of the existence of the ship and its loss by sinking and fully aware of the existence of the policy of insurance covering the loss of the ship, yet has refused to honor its contractual and legal obligation to Counter-Plaintiff, causing such stress to Lazaro Ponce de Leon as to contribute to the cause of his death.

14.    Insurance Company of the West acted knowingly in this transaction as complained of in this petition in that it was fully aware of the existence of the ship and its loss by sinking and fully aware of the existence of the policy of insurance covering the loss of the ship, yet has refused to honor its contractual and legal obligation to Counter-Plaintiff, causing such stress to Lazaro Ponce de Leon as to contribute to the cause of his death.

15.    In order to pursue its claim against Insurance Company of the West, Counter-Plaintiff had to retain the Law Firms of Fleming & Hernandez, P.C. and King, LeBlanc & Bland, L.L.P. as its attorneys and agreed to pay a reasonable and necessary fee for legal representation in this matter.  Counter-Plaintiff is entitled to

recover those fees from Insurance Company of the West under Section 16, Texas Insurance Code.

Counter-Plaintiff requests this Court award to it the following relief:

A.    Economic damages in an amount to be determined by the Court; and

B.    On a finding that the conduct of Insurance Company of the West as complained of in this Counterclaim was committed knowingly, damages for mental anguish of at least three times the amount of economic damages; or

C.    On a finding that the conduct of Insurance Company of the West as complained of in this Counterclaim was committed intentionally, damages for mental anguish of at least three times the amount of economic damages;

D.    Attorneys' fees through entry of final judgment in this action;

E.    Pre-judgment interest as allowed by law;

F.    Costs of this suit; and

G.    Any other relief that the Court deems proper.

DATED this __16__ day of December, 2002.


Respectfully submitted,


**COUNSEL FOR DEFENDANT,
ESTATE OF LAZARO PONCE DE LEON GOMEZ,
By And Through Its Administrator
Luis Omar Ponce de Leon:**


**KING, LeBLANC & BLAND, L.L.P.**
**Henry King**

**FLEMING & HERNANDEZ, P.C.**
**Tom Fleming**
**SBOT No. 07133000**
**Federal I.D. No. 1188**


3800 First NEC Center
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Telecopier (504) 582-1233

1650 Paredes Line Road
Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943


by: _____
Tom Fleming

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing FIRST AMENDED COUNTERCLAIM was served on December ___*16*___, 2002 in the manner(s) indicated below upon the following Counsel-of-record:

COUNSEL FOR PLAINTIFF
INSURANCE COMPANY OF THE WEST:
Paul A. Bezney
Tracy L. Stoker
DODGE, ANDERSON & JONES, P.C.
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas  75240-6223
*(Certified United States Mail, R.R.R., #7002 0460 0000 6434 5371)*

Tom Fleming