*14*

# Civil Courtroom Minutes



United States District Court
Southern District of Texas
FILED

APR 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Roberts    □ Lehrman |
| DATE | 04 / 15 / 02 |
| TIME | 1:30 p.m. — 1:50 p.m. |
| CIVIL ACTION | B - 01 - 193 |
| STYLE | Juan Zamora and Heralio Hernandez *versus* Danka Office Imaging, Inc. and Brent Longcor |

DOCKET ENTRY

(HGT) ■ Initial Pre-Trial Hearing;    (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):    Earnesta Taylor & Sally Connet

Attorney(s) for Defendant(s):    Raymond Cowley

■    Notes:

Ms. Taylor submitted a copy of her motion for admission *pro hac vice*, which the Judge granted. She also advised the Court that she would be lead counsel for the Plaintiffs in this action.

Ms. Taylor states that this is an action for wrongful termination based on Title VII. The Plaintiffs allege that they were the subject of racial, ethnic and sexual harassment by their immediate supervisor, Defendant Longcor, and that their termination was a retaliatory action after they complained about him to the Defendant company.

The Parties both indicated that they would be amenable to mediation after initial discovery. They estimated this would be during the late summer or early fall.

Ms. Taylor indicated that approximately four former employees and two current employees would need to be deposed. She states the four prior employees are not Plaintiffs in this action because

they signed a waiver of their right to sue when they separated from the Defendant company, but that they had similar experiences as the named Plaintiffs. She states that she believes that they were employed during approximately the same time period as the Plaintiffs.

Mr. Cowley advised the Court that the company did take remedial action when the complaints were made. He states that when the complaints were made to the Defendant company, the company investigated. Thereafter, Defendant Longcor was reassigned and reprimanded. He noted that the allegations of sexual abuse are new to him.

Ms. Taylor states that the Plaintiffs were employed in a sales capacity for the Defendant company. They sold office equipment on a territory-based system. This is the basis for their consequential damages claims. Ms. Taylor states that there is some evidence that her clients were given less lucrative sales areas than white employees. Ms. Taylor indicated to the Court that she would be able to show this loss of income because of territory assignments through discovery into the difference in earnings for different territories. Plaintiffs also allege lost wages, lost overtime, and lost benefits. Ms. Taylor states that Plaintiffs are earning less now than they did at the time they were employed with the Defendant company.

The Judge advised the Parties that mediation by Magistrate Judge Recio was an option. She also granted the motion submitted to the Court by Mr. Cowley. The Judge further admonished the Parties to keep in mind mediation and trial dates when submitting dispositive motions.