IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B02-CV193 |
| | § | *In Admiralty* |
| THE ESTATE OF LAZARO PONCE DE | § | |
| LEON GOMEZ, BY AND THROUGH ITS | § | Honorable Judge Andrew S. Hanen |
| TEMPORARY ADMINISTRATOR, | § | |
| LUIS OMAR PONCE DE LEON | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR PROTECTION, MOTION TO QUASH AND OBJECTIONS
TO THE REQUEST FOR PRODUCTION OF DOCUMENTS CONTAINED IN
DEFENDANT'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF DAVID COOK**

*TO THE HONORABLE JUDGE OF SAID COURT:*

COMES NOW INSURANCE COMPANY OF THE WEST, Plaintiff in the above-entitled and numbered cause of action (hereinafter referred to as "Plaintiff"), and files this Motion for Protection, Motion to Quash and Objections to the Request for Production of Documents contained in Defendant's Notice of Intention to Take Oral Deposition of David Cook (hereinafter referred to as "Deponent"), served upon Plaintiff and Deponent by and through Plaintiff's counsel of record on January 8, 2003, via facsimile and certified mail. Plaintiff would show unto the Court the following:

**I.**

Plaintiff received the Defendant's Notice of Intention to Take Oral Deposition of David Cook which includes a request for production of documents ("Notice") on January 8, 2003, and Defendant had noticed the deposition to take place January 28, 2003 to commence at 10:00 a.m. in Plaintiff's counsel's law office in Dallas, Texas. Said Notice is attached hereto and incorporated herein for all purposes as <u>Exhibit "1"</u>.

**II.**

Plaintiff and Deponent do not object to proceeding with Deponent's deposition on January 28, 2003 in Dallas, Texas, but do object to the requests for production of documents contained in the Notice, because such request was not served in a timely manner. Plaintiff and Deponent contend that the requests for production of documents contained in the Notice does not meet the requirements of "reasonable notice" in accordance with FED. R. CIV. P. 30(b)(1), as Defendant requests the production of numerous documents in the Notice giving Plaintiff and Deponent less than 20 days notice. Therefore, Plaintiff and Deponent request that said requests for production of documents be in all things quashed and the Plaintiff and Deponent be granted a protective order relieving Plaintiff and Deponent from furnishing documents responsive to Defendant's document requests contained in the Notice (Exhibit "1").

Plaintiff and Deponent were not afforded reasonable time to comply with Plaintiff's requests for production of documents as mandated by the Federal Rules of Civil Procedure.

Plaintiff and Deponent agree to proceed with the deposition of Deponent David Cook on January 28, 2003, as scheduled, with the understanding that they will not be obligated to produce documents pursuant to the requests for production of documents in the Notice.

### III.

In addition to and incorporating their general objections previously stated in the preceding paragraphs above, and without waiving same for each specific request, Plaintiff and Deponent specifically object to Defendant's requests for production of documents in the Notice, and respectfully request that this Court quash Plaintiff's requests for the reasons as set forth in the following enumerated requests:

**REQUEST NO. 1.**

Cook Claim Agency claim file for the claim submitted by Lazaro Ponce de Leon in connection with the sinking of the M/V "Sea Scape";

**RESPONSE:** Plaintiff and Deponent object to this request because it invades the work-product privilege enunciated in FED. R. CIV. P. 26b(3) and (5).

> Plaintiff and Deponent further object to this request because broadness of this request would clearly include information that relates to the Plaintiff's attorneys' notes in their file along with communications between the attorneys, Plaintiff and Deponent in violation of FED. R. CIV. P. 501 through the use of Tex. R. Civ. Evid. 503.

> Plaintiff and Deponent further object to this wholesale request to produce any and all documents. FED. R. CIV. P. 34(a), permits discovery of designated documents, papers, etc. The rule does not permit a general inspection of an adversary's records, as this constitutes nothing more than a "fishing expedition". Defendant's motion is too general and comprehensive. What the Defendant is seeking is authorization to conduct a general search of the Plaintiff and Deponent's files, and this is not permitted under the Federal Rules of Civil Procedure.

Subject to, without waiving, and consistent with the foregoing general and specific objections:

> See the documents previously produced to Defendant responsive to this request. Plaintiff shall supplement this request in accordance with the Federal Rules of Civil Procedure, if necessary.

**REQUEST NO. 2.**

All records and/or documents supplied to David Cook by Lazaro Ponce de Leon, Adrian Ponce de Leon and/or Luis Ponce de Leon; and

**RESPONSE:** See the documents previously produced to Defendant. Plaintiff shall supplement this request in accordance with the Federal Rules of Civil Procedure, if necessary.

**REQUEST NO. 3.**

Names, addresses and record of calls made to each and every individual contacted by or for David cook during his claims adjustment investigation of the sinking of the M/V "Sea Scape".

**RESPONSE:** Plaintiff and Deponent object to this request because it invades the work-product privilege enunciated in FED. R. CIV. P. 26b(3) and (5).

Plaintiff and Deponent further object to this request because broadness of this request would clearly include information that relates to the Plaintiff's attorneys' notes in their file along with communications between the attorneys, Plaintiff and Deponent in violation of FED. R. CIV. P. 501 through the use of Tex. R. Civ. Evid. 503.

Plaintiff and Deponent further object to Defendant's request in that it would require the Plaintiff and Deponent to create a document not in existence. A proper request for production only requires a party to produce designated documents and tangible things already in existence. FED. R. CIV. P. 34.

Subject to, without waiving, and consistent with the foregoing general and specific objections:

> See the documents previously produced to Defendant. Plaintiff shall supplement this request in accordance with the Federal Rules of Civil Procedure, if necessary.

## IV.

Plaintiff and Deponent object to the production of the specified documents in the requests for production of documents of the Notice, as stated hereinabove, and request the Court to grant them relief from having to provide further documentation, and to enter an order sustaining the Plaintiff and Deponent's objections to the requests for production of documents in Defendant's Notice and quashing the items improperly sought by Defendant from Plaintiff and Deponent. Therefore, Plaintiff and Deponent request that said requests for production of documents in the Notice be, in all things, quashed and the Plaintiff and Deponent be granted a protective order relieving Plaintiff and Deponent from furnishing documents responsive to Defendant's document requests contained in the requests for production of documents of Defendant's Notice of Intention to Take Oral Deposition of David Cook (Exhibit "1").

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks this Court to sustain this Motion for Protection and Motion to Quash, as set forth hereinabove. Plaintiff prays for any further relief both general and special, to which it may be justly entitled.

Respectfully submitted,

By: *Paul Bezney* (signature)
Paul A. Bezney
State Bar No. 00787077
Tracy L. Stoker
State Bar No. 19265500

**DODGE, ANDERSON & JONES, P.C.**
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240
Telephone: 972/960-3200
Facsimile: 972/960-3221

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been served upon all the parties, pursuant to the Federal Rules of Civil Procedure on January 27, 2003.

*Paul Bezney* (signature)
Paul A. Bezney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION B-02-193 *In Admiralty* |
| ESTATE OF LAZARO PONCE DE LEON GOMEZ, by and through its Temporary Administrator, Luis Omar Ponce de Leon, | § § § § § § | *Honorable Judge Andrew S. Hanen* |
| Defendant. | § | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION WITH DUCES TECUM OF DAVID COOK

TO: DAVID COOK, *Witness*,

*By And Through Counsel,*

Paul A. Bezney
Tracy L. Stoker
DODGE, ANDERSON & JONES, P.C.
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240-6223.

PLEASE TAKE NOTICE that **The Estate of Lazaro Ponce de Leon Gomez, by and through its Temporary Administrator, Luis Omar Ponce de Leon, Defendant herein,** by and through its Counsel-of-record, will take the following deposition pursuant to the Federal Rules of Civil Procedure:



**Name:**  David Cook, *Witness*

**Date:**  Tuesday, January 28, 2003

**Time:**  Commencing at 10:00 o'clock a.m.

**Place:**  Law Offices of Dodge, Anderson & Jones, P.C.
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240-6223.

It is hereby requested that the Witness appear at such time and place for the purpose of giving his deposition in this cause, which deposition will be taken before an officer authorized by law and commissioned to take depositions. Said deposition will continue from day-to-day until completed.

The deposition will be transcribed by the following court reporting firm:

CMGH Reporting
600 North Pearl, Suite 640
Dallas, Texas 75201
Telephone: (214) 220-2449
Facsimile: (214) 220-2777.

Said deposition may be used in evidence during the trial of this cause and will continue from day to day until complete.

All parties are invited to attend and propound such questions to the Witness as may be appropriate under the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that David Cook is hereby requested to produce at such time and place the following documents:

1. Cook Claim Agency claim file for the claim submitted by Lazaro Ponce de Leon in connection with the sinking of the M/V "Sea Scape";

2. All records and/or documents supplied to David Cook by Lazaro Ponce de Leon, Adrian Ponce de Leon and/or Luis Ponce de Leon; and

3. Names, addresses and record of calls made to each and every individual contacted by or for David Cook during his claims adjustment investigation of the sinking of the M/V "Sea Scape".

DATED this 8th day of January, 2003.

Respectfully submitted,

**COUNSEL FOR DEFENDANT,
ESTATE OF LAZARO PONCE DE LEON GOMEZ,
By And Through Its Administrator
Luis Omar Ponce de Leon:**

| | |
|---|---|
| **KING, LeBLANC & BLAND, L.L.P.**<br>Henry King | **FLEMING & HERNANDEZ, P.C.**<br>Tom Fleming<br>SBOT No. 07133000<br>Federal I.D. No. 1188 |
| 3800 First NEC Center<br>201 St. Charles Avenue<br>New Orleans, Louisiana 70170<br>Telephone: (504) 582-3800<br>Telecopier: (504) 582-1233 | 1650 Paredes Line Road<br>Suite 102<br>Brownsville, Texas 78521-1602<br>Telephone: (956) 982-4404<br>Telecopier: (956) 982-0943 |

by: _____ w/permission _____
Tom Fleming

## CERTIFICATE OF SERVICE

I certify that the original of the foregoing **NOTICE OF INTENTION TO TAKE ORAL DEPOSITION WITH DUCES TECUM OF DAVID COOK** was served on <u>January 8, 2003</u> in the manner(s) indicated below upon the following Counsel-of-record:

**COUNSEL FOR PLAINTIFF,**
**INSURANCE COMPANY OF THE WEST:**
Paul A. Bezney
Tracy L. Stoker
DODGE, ANDERSON & JONES, P.C.
One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240-6223
<u>(Facsimile 972-960-3221</u>
<u>and Certified United States Mail, R.R.R., #7002 0460 0000 6434 7504)</u>

_____
Tom Fleming   w/ permission