IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B02-0193 |
| | § | *In Admiralty* |
| THE ESTATE OF LAZARO PONCE DE | § | |
| LEON GOMEZ, BY AND THROUGH ITS | § | Honorable Judge Andrew S. Hanen |
| TEMPORARY ADMINISTRATOR, | § | |
| LUIS OMAR PONCE DE LEON | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED

JAN 3 1 2003

Michael N. Milby
Clerk of Court

**PLAINTIFF'S AMENDED ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

*TO THE HONORABLE JUDGE OF SAID COURT:*

COMES NOW INSURANCE COMPANY OF THE WEST, Plaintiff in the above-entitled and numbered cause (hereinafter referred to as "Plaintiff"), and files this Amended Answer to the First Amended Counterclaim of Defendant, THE ESTATE OF LAZARO PONCE DE LEON GOMEZ, BY AND THROUGH ITS TEMPORARY ADMINISTRATOR, LUIS OMAR PONCE DE LEON (hereinafter referred to as "Defendant" and/or "Counter-Plaintiff"), in accordance with the Federal Rules of Civil Procedure, and would show unto the Court the following:

**I.
First Defense**

Plaintiff generally denies all averments contained in Defendant's First Amended

Counterclaim except such averments as are expressly and specifically admitted herein.

## II.
## Second Defense

Pleading further in response to the specific averments of each numbered paragraph of Defendant's Counterclaim, Plaintiff respectfully states, as follows:

1. With respect to the paragraph number 1, Plaintiff admits the statements contained therein.

2. With respect to the paragraph number 2, Plaintiff admits the statements contained therein, except that Plaintiff is unable to either admit or deny whether the survey findings were legitimate.

3. With respect to the paragraph number 3, Plaintiff is unable to either admit or deny the allegations contained therein, and demands strict proof thereof.

4. With respect to the paragraph number 4, Plaintiff admits the statements contained therein.

5. With respect to the paragraph number 5, Plaintiff denies the statements contained therein, and demands strict proof thereof.

6. With respect to the paragraph number 6, Plaintiff denies the statements contained therein, and demands strict proof thereof.

7. With respect to the paragraph number 7, Plaintiff admits that Lazaro Ponce De Leon purchased the insurance policy in question from Plaintiff; however, Plaintiff is unable to either admit or deny whether Counter-Plaintiff is a "consumer" as alleged, and denies that Counter-Plaintiff is entitled to any relief under the Texas Deceptive Trade Practice--Consumer Protection Act, and demands strict proof thereof.

8. With respect to the paragraph number 8, Plaintiff admits the statements contained therein, except that Plaintiff denies any liability for the alleged

demands and denies that Counter-Plaintiff is entitled to any relief, and demands strict proof thereof.

9. With respect to the paragraph number 9, Plaintiff denies the statements contained therein as Plaintiff timely moved to compel mediation as permitted by TEX. INS. CODE art. 21.21 §16B, and demands strict proof thereof.

10. With respect to the paragraph number 10, Plaintiff denies the statements contained therein, and demands strict proof thereof.

11. With respect to the paragraph number 11 and its subparts, Plaintiff denies the statements contained therein, and demands strict proof thereof.

12. With respect to the paragraph number 12, Plaintiff denies the statements contained therein, and demands strict proof thereof.

13. With respect to the paragraph number 13, Plaintiff denies the statements contained therein, and demands strict proof thereof.

14. With respect to the paragraph number 14, Plaintiff denies the statements contained therein, and demands strict proof thereof.

15. With respect to the paragraph number 15, Plaintiff denies the statements contained therein, and demands strict proof thereof.

16. With respect to subsection A of the prayer, Plaintiff denies the statements contained therein, and demands strict proof thereof.

17. With respect to subsection B of the prayer, Plaintiff denies the statements contained therein, and demands strict proof thereof.

18. With respect to subsection C of the prayer, Plaintiff denies the statements contained therein, and demands strict proof thereof.

19. With respect to subsection D of the prayer, Plaintiff denies the statements contained therein, and demands strict proof thereof.

20. With respect to subsection E of the prayer, Plaintiff denies the statements

contained therein, and demands strict proof thereof.

21. With respect to subsection F of the prayer, Plaintiff denies the statements contained therein, and demands strict proof thereof.

22. With respect to subsection G of the prayer, Plaintiff denies the statements contained therein, and demands strict proof thereof.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that all relief requested by Defendant/Counter-Plaintiff be denied, that judgment be entered, that Defendant/Counter-Plaintiff take nothing against Plaintiff, and that Plaintiff recover its court costs, attorney's fees, and such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
Paul A. Bezney (Attorney in Charge)
State Bar No. 00787077
Southern District No. 29928
Tracy L. Stoker
State Bar No. 19265500
Southern District No. 21226

**DODGE, ANDERSON & JONES, P.C.**

One Lincoln Centre
5400 LBJ Freeway, Suite 800
Dallas, Texas 75240
Telephone: 972/960-3200
Facsimile: 972/960-3221

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been served upon all the parties, pursuant to the Federal Rules of Civil Procedure on January 30, 2003.

_____
Paul A. Beyney